## Case No. 2,982.

COLEMAN et al. v. The HARRIET.

[Bee, 80.] [1]

District Court, D. South Carolina. July 25, 1796.

SEAMEN—DOUBLE WAGES FOR INSUFFICIENT PROVISIONS.

1. Double wages are due by the act of congress in cases of failure of provisions, if the ship sail without the quantity specified in the act.

[Cited in Foster v. Sampson, Case No. 4,-982.]

[2. Overruled in The Mary Paulina, Case No. 9,224, and Collins v. Wheeler, Id. 3,018, to the point that one third additional wages is sufficient compensation, where there is a deficiency in but one of the specified articles.]

In admiralty. The libel in this case consists of two counts or allegations. 1. For wages agreeably to the articles, the voyage being ended. 2. For double wages for ninety days, as provided by the act of congress; the men having been at short allowance of provisions during that time. The captain's answer admits that the contract was fulfilled on the part of the seamen, with the exception of one, whom he charges with embezzlement. The answer further states that the quantity of beef on board was nearly double of what the act requires; that there was one third more than the requisite proportion of water per man: but that he was obliged to put to sea with ninety pounds of bread, instead of one hundred pounds, per man, because he could procure no more at the port from whence he sailed. That the voyage was unusually long, the vessel having been dismasted in a gale of wind; without which there would have been no such failure of bread. The logbook shews that they procured some supplies from other vessels at sea. It was proved that the allowance of bread was diminished the day after they lost the mast. It is admitted that all the seamen are entitled to the usual wages, except one. With respect to him, the embezzlement of several articles was fully proved. The value of these must be deducted from what shall appear to be due to him. The others will be paid of course.

The only difficulty arises out of the claim for double wages. The oath of the master in his answer not being contradicted, it must be received as evidence so far as it goes. It proves clearly that the diminution of allowance extended only to the single article of bread. There was a great overplus of meat and water. The loss of the mast was an accident that could not reflect blame on the captain; but it occasioned their being at sea one hundred and thirty five days, instead of sixty six, and caused a failure of bread, in which article they were at short allowance

from the 15th September to the 24th of December following. The act of congress having, avowedly, not been complied with, I am obliged to decree that the seamen receive one third of the amount of the wages contracted for in the articles, over and above their common wages. This I consider as a sufficient compensation for the deficiency in one article of provisions. Let the costs of suit be paid by the captain.